UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARION GUILBEAU                                         CIVIL ACTION

VERSUS                                                  NO. 19-12479

WALMART, INC.                                           SECTION: "J"(4)

## ORDER & REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 21)** filed by Defendant, Walmart, Inc. ("Defendant"). The motion is opposed by Plaintiff, Marion Guilbeau ("Plaintiff") (Rec. Doc. 36). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion is **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

The present matter arises out of injuries sustained from a trip and fall accident at Walmart in Boutte, Louisiana. On December 2, 2018, Plaintiff went shopping at the Walmart with her friend, Judith Moreau. (Rec. Doc. 36, at 2). It is undisputed that upon exiting Walmart Plaintiff fell, hit the wall, and sustained serious injuries. *Id.* However, parties dispute the cause of the fall and whether the cause was unreasonably dangerous.

Initially, Plaintiff alleged in her Complaint that she "proceeded to walk while pushing the shopping cart, suddenly and without warning, the wheel on the shopping cart broke slamming her into a wall causing serious bodily injuries." (Rec. Doc. 1-2, at 1). A later released video of the incident revealed that Plaintiff was in fact exiting the store without a shopping cart at the time of the fall. (Rec. Doc. 21-1, at 1).

In Plaintiff's deposition on January 22, 2020, her story changed. Now she thinks she tripped on the metal grate, because that was "the only thing that was in the way." (Rec. Doc. 21-5). On that same day, Judith Moreau was also deposed. She affirmed, "the back of

1

[Plaintiff's] heel caught [on the metal grate] and made her leg hit against the wall, and knocked her completely out." (Rec. Doc. 21-6, at 8).

The metal grate is slightly elevated at less than an eighth of an inch. (Rec. Doc. 21-7). The metal grate is silver, and the surrounding floor is made of gray and rust colored tiles. (Rec. Doc. 21-4, 21-8). The grate is located at the exit, where thousands of people walk each day. (Rec. Doc. 21-4, at 3). Plaintiff's injury is the first reported incident walking across the metal grate. *Id.*

Defendant now moves for summary judgment arguing that Plaintiff has failed to bring forth affirmative evidence that the metal grate was the cause of her accident. In the alternative, Defendant argues that the metal grate did not pose an unreasonably dangerous condition.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

Defendant primarily contends that Plaintiff merely speculates as to the cause of the injury, and does not provide affirmative evidence, which is not sufficient for summary judgment. In the alternative, Defendant argues that the metal grate did not present an unreasonably dangerous condition. In response, Plaintiff presents slim evidence to support that Plaintiff tripped on the grate. In addition, Plaintiff's opposition fails to address whether the metal grate presented an unreasonably dangerous condition.

In this case, the Court need not address whether there is sufficient evidence as to the cause, because the metal grate did not present an unreasonably dangerous condition. In Louisiana, merchants must exercise reasonable care to keep "aisles, passageways, and floors

in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. Rev. Stat. Ann. § 9:2800.6(A). To establish liability, a plaintiff must prove that "[t]he conditions presented an unreasonable risk of harm to the claimant." La. Rev. Stat. Ann. § 9:2800.6(B). Courts weigh four factors to determine whether there was an unreasonable risk of harm:

> (1) the utility of the complained-of condition;
> (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition;
> (3) the cost of preventing the harm; and
> (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature.

*Mackey v. Am. Multi-Cinema, Inc.*, 2021 U.S. Dist. LEXIS 193744, at \*6-77 (E.D. La. Oct. 7, 2021) (quoting *Bufkin v. Felipe's La., L.L.C.*, 171 So. 3d 851, 856 (La. 2013)). When the accident takes place in "a highly trafficked area with no history of similar trip-and-fall accidents, . . . the likelihood and magnitude of potential harm is low." *Id.* at \*10. Further, courts have repeatedly held that elevations up to two inches do not constitute an unreasonable risk of harm. *Buchanan v. Wal-Mart Stores, Inc.*, 834 F.App'x 58, 62 (5th Cir. 2020); *Chambers v. Vill. of Moreauville*, 85 So. 3d 593, 598 (La. 2012).

Here, the factors show the metal grate was not unreasonably dangerous. The complained of grate was elevated less than an eighth of an inch, the grate is located at the store's exit which is a highly trafficked area, and there are no previous reports of injuries caused by the grate.[1] Lastly, the grate was clearly visible, because it had distinct coloring from the surrounding area and was not obstructed from view. For these reasons, Plaintiff has failed to show that the metal grate presented an unreasonable risk of harm and summary judgment is appropriate.

---

[1] Plaintiff cites to a previous accident where another customer sustained injuries from tripping on carpet. This is clearly distinguishable as the alleged cause is entirely different.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Summary Judgment* **(Rec. Doc. 21)** is **GRANTED**.

New Orleans, Louisiana, this 30th day of March, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE